IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CLIFFORD W. TAGABAN and FRED W. TRIEM,<br><br>               Appellants,<br>    v.<br>KAKE TRIBAL CORPORATION, a corporation; PAUL FAY, as class representative of the HANSON CLASS,<br><br>               Appellees. | Case No. 1:24-cv-00012-SLG |

**ORDER RE BANKRUPTCY APPEAL**

Former class representative of the Hanson Class, Clifford W. Tagaban, and former class counsel of the same, Fred W. Triem, (collectively "Tagaban Appellants") appeal the Bankruptcy Court's Memorandum and Order re Reopening Case and Determining the Rule of Law.[1]  Appellees Kake Tribal Corporation ("KTC"), debtor in the underlying bankruptcy case, and the Hanson Class, creditor in the underlying bankruptcy case, filed answering briefs at Dockets 34 and 35, to which the Tagaban Appellants replied at Docket 44.  At Docket 33, the Tagaban

---

[1] Docket 1-1 at 3–4.  The Court notes that the Tagaban Appellants originally filed their appeal brief at Docket 19.  They subsequently filed a Notice of Erratum and Corrected Opening Brief at Dockets 20 and 21.  Pursuant to the Court's instruction at Docket 28, the Tagaban Appellants refiled their opening brief at Docket 30.

Appellants filed a Motion for Stay Pending Appeal, which is fully briefed.[2] The Tagaban Appellants requested oral argument; however, because the facts and issues on appeal are adequately presented in the briefs and record, oral argument was unnecessary to the Court's determination.[3] For the reasons set forth below, the Bankruptcy Court's Memorandum and Order re Reopening Case and Determining the Rule of Law is **AFFIRMED**, the Tagaban Appellants' appeal is **DISMISSED**, and the Motion for Stay Pending Appeal is **DENIED** as **MOOT**.

## BACKGROUND

The following factual and procedural recitation is taken from the Bankruptcy Court's Memorandum and Order re Reopening Case and Determining the Rule of Law. During the 1980s, KTC made payments to some, but not all, of its shareholders.[4] Some of the shareholders that did not receive payments from KTC filed a class action lawsuit in Alaska state court as the "Hanson Class."[5] Messrs. Tagaban and Triem served as the class representative and class counsel, respectively.[6] The state courts eventually ruled in favor of the Hanson Class and awarded a sizeable judgment against KTC.[7]

---

[2] Docket 37; Docket 40.

[3] Docket 40; *See* Fed. R. Bankr. P. 8019(b).

[4] Docket 1-1 at 7–8.

[5] Docket 1-1 at 8.

[6] Docket 1-1 at 8.

[7] Docket 1-1 at 8.

Confronted with the judgment against it, KTC filed a Chapter 11 petition in Bankruptcy Court in 1999.[8] Messrs. Tagaban and Triem filed proofs of claim in the bankruptcy case and KTC filed a plan of reorganization.[9] On February 19, 2002, the Bankruptcy Court confirmed the Fourth Amended Plan of Reorganization ("the Plan").[10] The Plan required KTC to make an initial payment of $200,000 and certain specified future payments to the Hanson Class.[11] The Plan also authorized the Hanson Class Representative to "negotiate with the Debtor" after the Plan was confirmed by the Bankruptcy Court, and further granted authority to the Hanson Class Representative to "release or subordinate any lien or security for the Claims of the Hanson Class."[12] The order confirming the Plan provided that the Bankruptcy Court

> shall retain jurisdiction of this Chapter 11 case for the purposes provided in this Order, in any injunction issued by this Court, in the Plan and under the Bankruptcy Code, and for the purpose of resolving any disputes arising with respect to the Plan or any document executed pursuant to the Plan, and to adjudicate all controversies concerning the classification or allowance of any claim.[13]

---

[8] Docket 1-1 at 8.

[9] Docket 1-1 at 8.

[10] Docket 1-1 at 8.

[11] Docket 1-1 at 8–9.

[12] Docket 1-1 at 10 (internal quotations and citation omitted).

[13] Docket 1-1 at 11 (quoting Docket 692 at ¶ 10, *In re Kake Tribal Corporation, Inc.*, Case No. 99-01111(Bankr. D. Alaska Jan. 12, 2004)).

On January 12, 2004, the Bankruptcy Court issued a final decree and closed the bankruptcy case.[14]

KTC made the initial payment and several subsequent payments to the Hanson Class.[15] However, KTC later stopped making payments, asserting that it had "not generated any profits from which payments under the [Plan] are to be made."[16] In response, Mr. Triem filed a motion in state court seeking to execute on the Hanson Class judgment against KTC, which began several years of state court litigation between Mr. Triem, the Hanson Class members, and KTC.[17]

In 2015, members of the Hanson Class moved in Alaska state court to replace Messrs. Tagaban and Triem in their roles as class representative and counsel.[18] Members of the Hanson Class alleged that the overwhelming majority of the class wanted to release the lien against KTC, which would allow KTC to pursue new business opportunities.[19] According to the Hanson Class members,

---

[14] Docket 783, *In re Kake Tribal Corporation, Inc.*, Case No. 99-01111 (Bankr. D. Alaska Jan. 12, 2004).

[15] Docket 1-1 at 11 n.10 (citing Plaintiffs' Motion for Leave to Execute on Judgment, *Hanson v Kake Tribal Corp.*, 2015 WL 10768498, at *2 (Alaska Super. Ct. May 30, 2008)).

[16] Docket 1-1 at 11–12 (quoting Opposition to Motion for Leave to Execute on the Sealaska 7(i) and 7(j) Payment & other Rule 69 Relief, *Hanson v Kake Tribal Corp.*, 2015 WL 10768498, at *2 (Alaska Super. Ct. Jan. 23, 2015)).

[17] Docket 1-1 at 12 (citing *Hanson v. Kake Tribal Corp.*, 2008 WL 11226184 (Alaska Super. Ct. May 30, 2008)).

[18] Docket 1-1 at 12.

[19] Docket 1-1 at 12 n.13 (citing Docket 803-4, *In re Kake Tribal Corporation, Inc.*, Case No. 99-01111 (Bankr. D. Alaska Jan. 12, 2004)).

Messrs. Tagaban and Triem no longer "represented the best interests of the Hanson Class" because they refused to consider releasing the lien against KTC, despite the class as a whole favoring release.[20] The Alaska Superior Court heard testimony and reviewed exhibits before issuing a 31-page order in February of 2017, removing both Messrs. Triem and Tagaban as counsel and class representative for the Hanson Class.[21]

Nearly three years later, in November of 2019, Paul Fay and Michael P. Heiser, the new class representative and counsel for the Hanson Class, respectively, moved in the Alaska Superior Court "to approve of a Hanson Class vote to waive and forgive the remaining debt owed" by KTC.[22] Mr. Triem opposed the motion, alleging that the Alaska state courts lacked jurisdiction because, according to him, the Bankruptcy Court had retained exclusive jurisdiction.[23] The Superior Court rejected Mr. Triem's argument, noting that while the Bankruptcy Court retained jurisdiction when it confirmed the Plan, that court did not state then that the Bankruptcy Court was retaining exclusive jurisdiction.[24]

---

[20] Docket 1-1 at 12 n.13 (citing Docket 803-4, *In re Kake Tribal Corporation, Inc.*, Case No. 99-01111 (Bankr. D. Alaska Jan. 12, 2004)).

[21] Docket 1-1 at 12–13.

[22] Docket 1-1 at 13 (quoting *In Re: Kake Tribal Corporation, Inc.* Case No. 99-01111 Docket 803, Ex. 7).

[23] Docket 1-1 at 14–15.

[24] Docket 1-1 at 14–15 (citing *Nauska Sr. v. Kake Tribal Corp.*, Case No. 1PE-95-00001CI, 2020 WL 8182097, at *3 (Alaska Super. Ct. Feb. 24, 2020)).

Mr. Triem appealed the Superior Court's decision to the Alaska Supreme Court and alleged the Superior Court had erred by removing himself and Mr. Tagaban as class counsel and representative and by "approving the Hanson Class vote to waive or forgive the remaining debt owed by [KTC]."[25] In July 2022, the Alaska Supreme Court upheld the Superior Court's jurisdiction to grant relief, and explained that the Hanson Class's "decision to release KTC from the debt incurred by the state court judgment "may be best considered as a settlement agreement."[26]

Next, the Tagaban Appellants sought relief in the Bankruptcy Court.[27] In January 2023, they asked the Bankruptcy Court to reopen the Chapter 11 case, asserting that the Bankruptcy Court had retained exclusive jurisdiction, and therefore the Alaska state courts did not have jurisdiction to replace Messrs. Tagaban and Triem as class representative and counsel, nor to approve the Hanson Class's motion to forgive KTC's remaining debt, such that those state court

---

[25] Docket 1-1 at 15 (citing *In Re: Kake Tribal Corporation, Inc.* Case No. 99-01111 Docket 804 Ex. 13).

[26] Docket 1-1 at 16 (quoting *Triem v. Kake Tribal Corp.*, 513 P.3d 994, 998 (Alaska 2022)). In that case, the Alaska Supreme Court upheld the Superior Court's jurisdiction to hear the dispute, holding that, at a minimum, the Superior Court had "concurrent jurisdiction to provide relief from judgment." *Triem*, 513 P.3d at 997. The Alaska Supreme Court invited supplemental briefing to determine whether Alaska Civil Rule 23 applied to the Hanson Class's decision to forgive KTC's debt, and if so whether the rule's requirements had been met. *Id.* at 998. Subsequently, the Alaska Supreme Court determined that the Superior Court's decision had satisfied the requirements of Alaska Civil Rule 23. *See Triem v. Kake Tribal Corp.*, No. S-17767, 2024 WL 181538, at *7–8 (Alaska Jan. 17, 2024), *reh'g denied* (Apr. 11, 2024).

[27] Docket 1-1 at 17.

orders should be "void ab initio."[28] The Bankruptcy Court observed that disputes about replacing a class representative and counsel, as well as the decision to forgive the underlying debt, were matters of state law and did not require application of the Bankruptcy Code or even interpretation of the Plan.[29] The Bankruptcy Court held that, to the extent it had jurisdiction at all, it shared concurrent jurisdiction with the state courts.[30] And the Bankruptcy Court also concluded that, "even if the bankruptcy court retained exclusive jurisdiction, this Court arrives at the same conclusions as the Alaska state court decisions that the Creditors challenge."[31]

## STANDARD OF REVIEW

When a district court reviews a bankruptcy court order, it employs the clearly erroneous standard to the bankruptcy court's findings of fact and reviews conclusions of law *de novo*.[32] Specific to this case, the Court reviews jurisdictional issues *de novo*[33]; however, the "refusal to reopen a bankruptcy case is reviewed

---

[28] Docket 1-1 at 19.

[29] Docket 1-1 at 25.

[30] Docket 1-1 at 24–26, 31–32.

[31] Docket 1-1 at 19–20.

[32] *In re Schwarzkopf*, 626 F.3d 1032, 1035 (9th Cir. 2010) (quoting *Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates, Inc.*), 912 F.2d 1162, 1166 (9th Cir.1990)).

[33] *In re McGhan*, 288 F.3d 1172, 1178 (9th Cir. 2002) (citing *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1279 (9th Cir. 2000)).

for an abuse of discretion."[34]

**DISCUSSION**

KTC and the Hanson Class ask the Court to affirm the Bankruptcy Court's order that the Bankruptcy Court did not have exclusive jurisdiction regarding the Hanson Class's desire to replace Messrs. Tagaban and Triem as well as the decision to forgive KTC's debt and thus the state court orders are valid and binding on the parties.[35] The Tagaban Appellants urge the Court to find that the Bankruptcy Court did have exclusive jurisdiction and therefore, that court should have reopened the underlying bankruptcy case and recognized the Alaska state court orders as void.[36]

Federal courts enjoy original and exclusive jurisdiction to "core" bankruptcy proceedings, and original but not exclusive jurisdiction over "non-core" bankruptcy proceedings.[37] "A core proceeding in bankruptcy is one that 'invokes a substantive right provided by title 11 . . . or a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'"[38] On the other hand, "[n]on-core proceedings

---

[34] *Id.* (citing *Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner),* 161 F.3d 1216, 1217 (9th Cir. 1998)).

[35] Docket 34 at 18–23; Docket 35 at 19–20

[36] Docket 30 at 49–54.

[37] *In re Gruntz*, 202 F.3d 1074, 1080–81 (9th Cir. 2000) (explaining that, pursuant to 28 U.S.C. § 1334(a), Congress "expressed its intent that bankruptcy matters be handled exclusively in a federal forum" and that core proceedings fall within the federal plenary power while non-core proceedings are not subject to exclusive federal jurisdiction).

[38] *Id.* at 1081 (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) (internal

Case No. 1:24-cv-00012-SLG
Order re Bankruptcy Appeal
Page 8 of 11
Case 1:24-cv-00012-SLG   Document 53   Filed 08/16/24   Page 8 of 11

are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under title 11."[39]

The decisions to remove Messrs. Tagaban and Triem as class representative and counsel as well as to forgive the KTC debt, each made years after the Plan's confirmation, are not core bankruptcy proceedings and are therefore not subject to exclusive federal jurisdiction.[40] The Tagaban Appellants do not cite a substantive right provided by title 11; nor do they explain why changing the class representative/counsel and forgiving the debt "could arise only in the context of a bankruptcy case."[41] Instead, they assert that the Bankruptcy Court had exclusive jurisdiction because the Plan and the Order that confirmed the plan indicate the Bankruptcy Court would "retain jurisdiction."[42] As noted above, decades ago, the Hanson Class prevailed against KTC in a class action lawsuit brought in state court.[43] The subsequent Hanson Class decisions to replace its representative/counsel and to forgive KTC's judgment against it are not dependent on bankruptcy law; indeed, the Hanson Class could have taken those same actions

---

quotation marks omitted)).

[39] *Id.* (citing *Windsor Communications Group, Inc. v. Grant (In re Windsor Communications Group)*, 75 B.R. 713, 721 (E.D.Pa. 1985)).

[40] *Id.* at 1080–82.

[41] Docket 30; *id.* (internal quotations and citation omitted).

[42] Docket 30 at 49–50.

[43] Docket 1-1 at 8.

pursuant to Alaska state law in the complete absence of a bankruptcy case.[44] Because these actions were not core bankruptcy proceedings, there was not exclusive federal jurisdiction; to the extent there was federal jurisdiction, it was concurrent with the Alaska state court jurisdiction. As such, the Bankruptcy Court did not abuse its discretion in declining to reopen the Chapter 11 case, because the state courts' orders are binding on the parties.

The Court need not determine whether the Bankruptcy Court had "related to jurisdiction" over the issues at hand.[45] The Bankruptcy Court explained that its jurisdiction over non-core proceedings is significantly limited after confirmation of a bankruptcy plan and examined whether it had "related to" jurisdiction based on the Circuit's "close nexus test."[46] The Bankruptcy Court ultimately concluded that it "may lack jurisdiction" over these issues.[47] This Court need not reach that issue. Because these issues involve non-core proceedings, the Alaska state courts had jurisdiction to adjudicate the issues and "the normal rules of preclusion" apply and

---

[44] *See* Alaska R. Civ. P. 23 (discussing the procedural requirements for class action lawsuits); Alaska R. Civ. P. 60 (discussing the procedure for obtaining relief from a judgment), *see also Triem v. Kake Tribal Corp.*, 513 P.3d 994, 997 (Alaska 2022), *reh'g denied* (Aug. 5, 2022) (holding that these exact issues were outside of the "federal court's exclusive jurisdiction" and therefore the superior court had concurrent jurisdiction).

[45] 28 U.S.C. § 1334 provides for exclusive federal jurisdiction over cases arising under the bankruptcy code, and also provides for "original but not exclusive [federal] jurisdiction" for cases related to bankruptcy proceedings; the latter is referred to as "related to" jurisdiction. *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 547 (9th Cir. 2006).

[46] Docket 1-1 at 21–26.

[47] Docket 1-1 at 26.

bar the Tagaban Appellants from successfully challenging the final determinations of the Alaska Supreme Court.[48] Because the Bankruptcy Court could not provide any relief to the Tagaban Appellants in light of the binding state court orders, the Bankruptcy Court properly denied the motion to reopen the Chapter 11 case.[49]

## CONCLUSION

For the reasons stated above the Tagaban Appellant's Motion for Stay is **DENIED** as **MOOT**, the Bankruptcy Court's decision is **AFFIRMED**, and the appeal is **DISMISSED**. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 16th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[48] *In re Gruntz*, 202 F.3d at 1084.

[49] The Tagaban Appellants' remaining assertions are without merit. The Tagaban Appellants attempt to raise additional issues on appeal including: judicial estoppel precludes KTC's current position; KTC has failed to make payments under the Plan; the Bankruptcy Court erred in an order that it issued roughly five months before the order related to the current appeal; that this case should be converted to a Chapter 7 bankruptcy proceeding; and lastly that KTC has created an "Alaska two-step" scheme to avoid complying with bankruptcy requirements. None of these issues are properly before the Court. The narrow question on appeal is whether the Bankruptcy Court's decisions declining to reopen the bankruptcy case and void the state court orders were proper.